**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-1631

STEVE LUNDI,

                Petitioner,

     v.

PAMELA JO BONDI, Attorney General,

                Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: March 13, 2025                    Decided: March 27, 2025

Before WILKINSON, AGEE, and THACKER, Circuit Judges.

Petition denied by unpublished per curiam opinion.

**ON BRIEF:** Andrew Barreto, GOREN & BARRETO, LLC, Silver Spring, Maryland, for Petitioner. Brian Boynton, Principal Deputy Assistant Attorney General, Jessica E. Burns, Senior Litigation Counsel, Lauren L. Taiclet, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Steven Lundi, a native and citizen of Haiti, petitions for review of an order of the Board of Immigration Appeals dismissing his appeal from the Immigrations judge's decision denying withholding of removal under the Convention Against Torture (CAT). To qualify for relief under the CAT, Lundi must show that he is more likely than not to be tortured if he returns to Haiti. *See* 8 C.F.R. § 208.16(c)(2) (2024). "Torture" is defined as "any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person" for an act he has committed or "for any reason based on discrimination of any kind" that is "inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 208.18(a)(1) (2024); *see Rodriguez-Arias v. Whitaker*, 915 F.3d 968, 971 (4th Cir. 2019). "Acquiescence of a public official requires that the public official, prior to the activity constituting torture, have awareness of such activity and thereafter breach his or her legal responsibility to intervene to prevent such activity." 8 C.F.R. § 208.18(a)(7) (2024). "The official or officials need not have actual knowledge of the torture; it is enough if they simply turn a blind eye to it." *Mulyani v. Holder*, 771 F.3d 190, 200 (4th Cir. 2014) (internal quotation marks omitted). The likelihood of torture need not be linked to a protected ground. *Zelaya v. Holder*, 668 F.3d 159, 167 (4th Cir. 2012).

We review the denial of relief under the CAT for substantial evidence and "[t]he agency's 'findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" *Nasrallah v. Barr*, 590 U.S. 573, 584 (2020) (quoting 8 U.S.C. § 1252(b)(4)(B)). We review the relevant legal determinations of the

2

Board under de novo review. *Turkson v. Holder*, 667 F.3d 523, 527 (4th Cir. 2012). We have reviewed the record and Lundi's claim and conclude that the evidence does not compel a ruling on contrary to any of the administrative factual findings and that substantial evidence supports the denial of relief. Lundi has not shown that he would be targeted for torture, and because the Board applied Fourth Circuit law, the immigration judge's reliance on Third Circuit law does not require remand. Accordingly, we deny the petition for review. *In re Lundi* (B.I.A. June 24, 2024). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

*PETITION DENIED*